Burch & Johnson, contra.

---

(Hamilton County, Ohio, Court of Common Pleas.)

JOHN G. DINKELBIHLER v. THE STATE OF OHIO.

*Adulterated food—Sale—Evidence to establish—*
Where it appears from the evidence that defendant in a prosecution under the Adul-
terated Food laws declined to accept pay from the agent of the state, and finally
only accepted some payment on their persuasion, such facts do not constitute
sufficient evidence of a sale made by defendant.

---

BUCHWALTER, J.

The plaintiff in error was convicted before the justice's court upon
the charge contained in the affidavit of the Food Inspector, to-wit, that
on March 13, 1896, J. G. Dinklebihler sold to G. G. Luebbing, one-third
of a pint of tomato catsup, (article of food), to which had been added
salycilic acid, an ingredient injurious to health, and contrary to the stat-
ute, etc.

The testimony of the two agents of the State, (which is the whole
proof of the prosecution), shows that they told Dinklebihler, and he knew,
when he either gave or sold to them the one-third pint bottle of Fogarty's
tomato catsup, that they were procuring the sample for chemical analysis,
and not for food or any other uses; that he declined to take the pay, to-
wit: one nickle, at first, and afterwards took it on their persuasion, they
saying: "There is no use of you losing the price of the bottle;" and on
Dinklebihler saying, "Well, all right then, will I be arrested?" They
said: "You will be, and then later on you can swear out an affidavit
against Fogarty. You say you bought it of him with a guarantee."

The law provides a penalty for the refusal of the dealer to furnish a
sample of the food to the Inspector on his demand (sec. 7458—10 and 11,
Revised Statutes). It was therefore Dinklebihler's duty to furnish it
without pay. He declined pay, and yet the Inspector insisted upon
Dinklebihler taking the nickel, and thereby seeks to make a case of a sale.

This is not a sale within the meaning of the statute.

On the contrary, the defendant below, and three other apparently
fair witnesses, testified that he persisted in refusing to take pay, and did
not take it.

There was no charge that Dinklebihler had the Fogarty catsup on
sale. But there is proof that he disclaimed any sale; that he saw it was
off color, and had directed that this case be returned to the manufacturer.

Conviction on this character of sale and proof, if otherwise permis-
sible, offends good conscience.

Such unwarranted prosecutions make the pure food law oppressive
and odious to good citizenship.

The judgment of conviction will be reversed, the defendant discharged and the prosecution dismissed at the costs of the State.

Thomas Bentham, for Plaintiff in error.

Otto J. Renner, for State.